HAWTHORNE, Justice,
(dissenting).
This is a special statute, the purpose of which is to provide another ground for divorce in addition to those set forth in the Civil Code, and for a person to avail himself of the provisions of the statute he must bring himself within its terms. It provides that “ * * * either party to the marriage contract may sue,, in the Courts of his or her residence within this State, provided such residence shall have been continuous for the period of two years, for an absolute divorce-, which shall be granted on proof of the continuous living separate and apart of the spouses, during'said period of *791 two years or more.” To me this simply means that the parties to the marriage contract must live separate and apart for a period of two years, and that the party instituting the suit must bring the action in the court of his residence within this state, provided such residence has been continuous within the jurisdiction of that court for a period of two years.
The statute is not ambiguous, and to give it the interpretation placed upon it by the majority is, in effect, legislating under the guise of interpreting. As a matter of policy, it might be to the best interest of society to permit the suit to be brought at the residence of either the plaintiff or the defendant, but this addresses itself to the sound discretion of the Legislature.
I am therefore of the opinion that the judgment of the lower court sustaining the exception to the jurisdiction was well founded and should be sustained.
I respectfully dissent.